UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROGER DOMROES,

          Plaintiff,

          1:23-CV-00041-MAV-MJR

          REPORT AND RECOMMENDATION

-v-

JULIA WHITE, et al.,

          Defendants.

---

    This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable Meredith A. Vacca, to handle all pre-trial matters excluding dispositive motions. (Dkt. No. 20). The Office of the Attorney General of the State of New York, as former counsel for defendant Lori Diamond, has filed a letter requesting that the Court dismiss the claims against defendant Diamond pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. (Dkt. No. 44). For the following reasons, it is recommended that the request be granted.

    On March 5, 2025, the Attorney General's Office filed a Suggestion of Death notifying the Court of the death of defendant Diamond on March 2, 2025. (Dkt. No. 31). Rule 25(a)(1) directs that if a motion for substitution of a party "is not made within 90 days after service of a statement noting death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25. Further, the Second Circuit has held that the 90-day substitution period begins when "a plaintiff is properly served a statement of death for a defendant" regardless of whether the notice of death was served on the deceased

defendant's nonparty representative. *Feaster v. NYS Dep't of Corr.*, 17-CV-1151, 2021 U.S. Dist. LEXIS 179232, at *3 (W.D.N.Y. Sept. 21, 2021) (citing *Kotler v. Jubert*, 986 F.3d 147, 153-56 (2d Cir. 2021)). Here, the suggestion of death notice was filed more than 90 days ago and no motion to substitute the deceased's estate or representative has been made. It is clear from the record that the Attorney General's Office served the notice upon counsel for plaintiff at the time it was filed with the Court.

Thus, the Court recommends that all claims in this action against defendant Lori Diamond be dismissed pursuant to Rule 25(a)(1).

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vacca, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Vacca. ***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R. Civ. P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

SO ORDERED.

DATED:   July 21, 2025
Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge